IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| | ) | COMPLAINT |
| v. | ) ) | |
| MID-STATE PETROLEUM, INC. d/b/a THE POP SHOPPE, | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of religion (Islam) and to provide appropriate relief to Conscious Washington who was adversely affected by the practices. Specifically, Plaintiff Equal Employment Opportunity Commission ("the Commission") alleges that Defendant Mid-State Petroleum, Inc. d/b/a The Pop Shoppe ("Defendant") discriminated against Conscious Washington by refusing to reasonably accommodate her sincerely held religious belief and failing to hire her because of her religion, Islam.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Charlotte and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Conscious Washington filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about October 4, 2005, Defendant engaged in unlawful employment practices at its location at 6865 Albemarle Road in Charlotte, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) when it failed to accommodate Conscious Washington's religion (Islam), and failed to hire her because of her religious beliefs or practices. Specifically, on or about October 4, 2005, Ms. Washington applied for an available

clerk position at Defendant's Albemarle Road location. Ms. Washington informed Defendant of her sincerely held religious belief that requires her to wear a hijab (a religious head scarf) when in public. Defendant had a dress code policy that conflicted with Ms. Washington's belief in that it prohibited employees from wearing any headdress unless issued by the company. On or around October 4, 2005, Defendant refused to hire Ms. Washington for a clerk position because she could not work without wearing a hijab. Ms. Washington was fully qualified for the clerk position.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Conscious Washington of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion, Islam.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Conscious Washington.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of religion.

3

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for employees regardless of their religion and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Conscious Washington by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described in paragraph 7 above, including but not limited to rightful place hiring or an award of front pay.

D. Order Defendant to make whole Conscious Washington by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Conscious Washington by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Conscious Washington punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 28th day of September, 2006.

>Respectfully submitted,
>
>RONALD S. COOPER
>General Counsel
>
>JAMES L. LEE
>Deputy General Counsel
>
>GWENDOLYN YOUNG REAMS
>Associate General Counsel
>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION
>1801 L Street, N.W.
>Washington, D.C. 20507
>
>    s/ Lynette A. Barnes
>LYNETTE A. BARNES (N.C. Bar No. 19732)
>Regional Attorney
>e-mail: lynette.barnes@eeoc.gov
>
>TINA BURNSIDE
>Supervisory Trial Attorney
>
>    s/ Mary M. Ryerse
>MARY M. RYERSE (S.C. Bar No. 68387)
>Trial Attorney
>e-mail: mary.ryerse@eeoc.gov
>
>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION
>Charlotte District Office
>129 West Trade Street, Suite 400
>Charlotte, North Carolina 28202
>Phone: 704.344.6886
>Fax: 704.344.6780
>
>ATTORNEYS FOR PLAINTIFF