# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 3:06-cv-00413 |
| Plaintiff, | ) ) | CONSENT DECREE |
| v. | ) ) | |
| MID-STATE PETROLEUM, INC. d/b/a THE POP SHOPPE, | ) ) ) | |
| Defendant. | ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant Mid-State Petroleum, Inc. d/b/a The Pop Shoppe discriminated against Conscious Washington by refusing to reasonably accommodate her sincerely held religious belief and failing to hire her because of her religion, Islam.

The Commission, and the Defendant, Mid-State Petroleum, Inc. d/b/a The Pop Shoppe (the "Defendant"), hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent

Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of religion or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Conscious Washington the sum of Forty Thousand and no/100 dollars ($ 40,000.00) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Conscious Washington. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Conscious Washington at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Ms. Washington. Defendant shall subsequently issue a Form 1099 reflecting the payment made to Ms. Washington and Ms. Washington shall be solely responsible for all taxes due and owing on the settlement funds described herein.

4. Within ten (10) days of the entry of this Decree by the Court, Defendant shall eliminate from any employment or application records related to Conscious Washington any and all documents, entries, or references of any kind relating to the facts and circumstances which led

to the filing of EEOC Charge Number 140-2006-0140 and the related events that occurred thereafter. Within fifteen (15) days of the entry of this Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5. Within ninety (90) days of the entry of this decree by the Court, Defendant shall modify its Dress Code, Policy OP-03 of its Policies and Procedures, to include language notifying managers, supervisors and employees that clothing worn for religious reasons may be an exception to the dress code policy.

6. Within ninety (90) days of the entry of this decree by the Court, Defendant shall adopt, implement, and distribute formal, written procedures for receiving requests for religious accommodations from employees and applicants. Defendant shall distribute to each current manager, supervisor and employee a copy of the written procedures within the aforementioned 90 day time period. Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the procedures to all new managers, supervisors, and employees and review it with them at the time of hire.

7. During the term of this Decree, Defendant shall post a copy of the policy described above in paragraph 6, in all their facilities in a place that is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it posting another copy of the policy. Within 95 days, after the Consent Decree is entered, Defendant will post the policy and notify the EEOC that it has been posted.

8. During the term of this Decree, Defendant shall provide an annual training program to all of its managers and supervisors. Each training program shall include an explanation of the requirements for religious accommodation under Title VII of the Civil Rights

Act of 1964, and its prohibition against retaliation in the workplace. Each training program shall include an explanation of Defendant's procedures referenced in paragraph 6 above, and an explanation of the rights of employees and responsibilities of managers and supervisors under those procedures.

The first training program shall be completed within one hundred (100) days after entry of the decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to the program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all managers and supervisors in attendance.

9. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Decree, in a place where it is visible to employees at its facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports shall include the following information:

    A. The identities of all individuals who requested a religious accommodation, including by way of identification each person's name, last known telephone number and address, social security number, and job title;

      B.      For each individual identified in 10.A. above, provide a detailed description of the individual's request;

      C.      For each individual identified in 10.A. above, provide a detailed description of what action, if any, Defendant took in response to the request, and a description of all proposed accommodations;

      D.      For each individual identified in 10.A. above, if the request for a religious accommodation was denied, provide all reasons why the request was denied.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facilities, interview managers, supervisors or employees and examine and copy documents.

12. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Decree shall be for three (3) years from its entry by the Court.

14. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Signed: March 4, 2007

*Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
Chief United States District Judge

This the 26th day of February, 2007.

| | |
|---|---|
| **PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**<br>RONALD S. COOPER<br>General Counsel<br><br>JAMES L. LEE<br>Deputy General Counsel<br><br>GWENDOLYN YOUNG REAMS<br>Associate General Counsel<br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>1801 L Street, N.W.<br>Washington, D.C. 20507<br><br>  **s/ Mary M. Ryerse**<br>MARY M. RYERSE (S.C. Bar No. 68387)<br>Trial Attorney<br>e-mail: mary.ryerse@eeoc.gov<br><br>TINA BURNSIDE<br>Supervisory Trial Attorney<br><br><br>  **s/ Lynette A. Barnes**<br>LYNETTE A. BARNES (N.C. Bar No. 19732)<br>Regional Attorney<br>e-mail: lynette.barnes@eeoc.gov<br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Charlotte District Office<br>129 West Trade Street, Suite 400<br>Charlotte, North Carolina 28202<br>Phone: 704.344.6886<br>Facsimile: 704.344.6780<br><br>ATTORNEYS FOR PLAINTIFF | **DEFENDANT MID-STATE PETROLEUM, INC. d/b/a THE POP SHOPPE**<br><br>  **s/ Kim R. Bauman**<br>KIM R. BAUMAN<br>(N.C. Bar No. 9115)<br>WYATT EARLY HARRIS WHEELER, LLP<br>P.O. Drawer 2086<br>High Point, North Carolina 27261-2086<br>Telephone: 336.884.4444<br>e-mail: kbauman@wehwlaw.com<br><br><br>ATTORNEY FOR DEFENDANT |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MID-STATE PETROLEUM, INC. d/b/a<br>THE POP SHOPPE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 3:06-cv-00413<br><br>EMPLOYEE NOTICE |

1.  This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Mid-State Petroleum, Inc., d/b/a The Pop Shoppe in a case of discrimination based on religion. As part of the settlement, Mid-State Petroleum, Inc. has agreed to take actions set out in the Consent Decree resolving this matter.

2.  Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Title VII specifically prohibits discrimination based on religion.

3.  Mid-State Petroleum, Inc. will comply with such federal law in all respects. Furthermore, Mid-State Petroleum will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least three (3) years by agreement with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL: _____, 2010.

Exhibit A